# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIANA STANLEY, | ) |
|       Plaintiff, | ) |
| -vs- | )   Case No. CIV-22-159-F |
| HENRY NENIEBARI WIFA and HALLIBURTON ENERGY SERVICES, | ) |
|       Defendants. | ) |

## **ORDER**

Before the court is Defendants' First Motion in Limine, doc. no. 53, filed on February 1, 2023. Plaintiff has responded, doc. no. 70, and defendants have replied, doc. no. 75. The motion is accordingly at issue.

The motion requires the court to determine the permissible scope of the testimony of Dr. Scott de la Garza, one of plaintiff's treating physicians. Plaintiff has listed Dr. de la Garza to testify with respect to the following matters: "Scope of Plaintiff's injuries and treatment from subject accident; pre-accident medical history to affected parts of Plaintiff's body; prospective medical treatment and estimated cost thereof." Doc. no. 53, at 4.

Dr. de la Garza has not been disclosed as an expert witness pursuant to Rule 26(a)(2)(A), Fed. R. Civ. P. Consistent with that, Dr. de la Garza has not rendered an expert report pursuant to Rule 26(a)(2)(B), and no Rule 26(a)(2)(C) summary disclosure has been made. Consequently, Dr. de la Garza will not be available to plaintiff as a source of Rule 702 expert testimony. The court must accordingly

determine, within that constraint, the permissible scope of Dr. de la Garza's trial testimony.

At one time, Rule 701 of the Federal Rules of Evidence provided a safety valve, of sorts, permitting a litigant to call a treating physician to give opinion testimony as long as that testimony was "rationally based on the witness's perception" and "helpful to clearly understanding the witness's testimony or to determining a fact in issue." But, in 2000, subdivision (c) was added to Rule 701. Subdivision (c) added a requirement that, to be admissible, lay opinion testimony could not be "based on scientific, technical, or other specialized knowledge within the scope of Rule 701."

The problem of application of Rules 26, 701 and 702 to treating physician testimony has spawned numerous published decisions, with some noticeable inconsistencies among the decisions. Some of the decisions with respect to treating physician testimony, written after adoption of the 2000 amendment to Rule 701, appear to rely on cases decided before that amendment was adopted.

There is no reason for the undersigned to get into a long exposition of the reported cases dealing with the permissible scope of treating physician testimony. At least for purposes of resolving the issues presented by this motion, the problem can be addressed by way of a fairly straightforward application of the language of Rules 701 and 702. That said, the court does note the exhaustive treatment given this problem by Judge Browning, of the District of New Mexico, in <u>Walker v. Spina</u>, 2019 WL 145626 (D.N.M. Jan. 9, 2019). As might be expected, the court's beginning point in <u>Walker</u> was the proposition that "[i]f a treating physician testifies as an expert witness, the testimony's proponent must disclose the treating physician as an expert and produce an expert report, or a summary of the expert's subject matter and the proposed testimony." *Id.* at *17 (citing Rule 26(a)(2)(B) and (C)). But "[a]fter the 2000 amendments, a treating physician still acts as a lay witness

when testifying to his treating or caring for a patient." *Id.* at *19. Further treatment of this issue (treatment with which the undersigned agrees) appears in the Walker v. Spina decision at *21, *et seq.*

Taking into account the language of Rules 701 and 702, as applied to treating physician testimony in various contexts, it remains true that in situations in which no Rule 26(a)(2)(B) expert report has been rendered and no Rule 26(a)(2)(C) summary disclosure has been made, the line between permissible and impermissible testimony from a treating physician will sometimes be difficult to draw. If a patient presents with the broken end of a bone protruding from her thigh, it will be permissible for the doctor to tell the jury that the patient had a broken leg (*e.g.*, compound fracture), even though that is a diagnosis. But if, for instance, the problem is a psychiatric condition exhibiting a variety of subjectively-described symptoms which come and go from day to day, the diagnosis would certainly be based mainly on specialized knowledge within the meaning of Rules 701 (as amended in 2000) and 702. That testimony would have to be excluded. Most cases would, of course, fall between those extremes, thus presenting the line-drawing problem. In the case at bar, it appears to be uncontested that plaintiff's cervical spine was injured and that the injury was clinically observable even though different treating physicians may have had differing opinions as to the optimal treatment.

Bearing all of these matters in mind, the court concludes, on the basis of the facts presented by this motion, that it will be permissible for Dr. de la Garza to testify as to: (i) his clinical observations as to the nature and extent of plaintiff's injuries (both initially and as her condition evolved over time), (ii) the history given by Ms. Stanley (including her version of causation), (iii) the treatment he provided, (iv) the reasons for the treatment he provided, (v) the pain or physical limitations reported by Ms. Stanley or clinically observed by Dr. de la Garza at various stages of his treatment of her, (vi) future treatment he has actually recommended, and (vii) other

3

objectively observable facts, even if Dr. de la Garza's medical expertise helps make his description more understandable.

Off limits, for lack of a Rule 26(a)(2)(B) expert report or a Rule 26(a)(2)(C) summary disclosure, will be testimony as to prospective medical treatment that Dr. de la Garza has not actually recommended and his estimate of the cost of future medical treatment (whether or not he has recommended it).

Defendant's motion is, therefore, **GRANTED** to the extent set forth above.

IT IS SO ORDERED this 17th day of March, 2023.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-0159p015.docx