IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIANA STANLEY, | ) |
|       Plaintiff, | ) |
| -vs- | ) Case No. CIV-22-159-F |
| HENRY NENIEBARI WIFA and HALLIBURTON ENERGY SERVICES, INC., | ) |
|       Defendants. | ) |

# ORDER

This action arises from a collision involving a tractor-trailer driven by defendant Henry Neniebari Wifa (Wifa) and an automobile operated by plaintiff Tiana Stanley (Stanley).[1] At the time of the collision, Wifa was delivering a load for his employer, defendant Halliburton Energy Services, Inc. (Halliburton). For reasons disputed by the parties, Wifa's tractor-trailer hit Stanley's car, resulting in the accident, and alleged personal injuries to Stanley. She claims that Wifa was negligent in driving the tractor-trailer and seeks to recover actual and punitive damages against him. She also seeks to recover actual and punitive damages against Halliburton as vicariously liable for Wifa's negligence under the *respondeat superior* doctrine. In addition, Stanley claims that Halliburton is liable to her for actual and punitive damages because the company negligently hired Wifa and negligently entrusted Wifa with its tractor-trailer.

---

[1] Stanley originally commenced her action in the District Court of McClain County, Oklahoma. Wifa and Halliburton removed the action to this court based upon diversity jurisdiction, 28 U.S.C. § 1332.

After conducting discovery, Wifa and Halliburton have moved for partial summary judgment under Rule 56(a), Fed. R. Civ. P., regarding Stanley's claim for negligent hiring, her claim for negligent entrustment, and her request for punitive damages. Doc. no. 56 and doc. no. 57 (sealed exhibits). Stanley, in response, concedes her negligent hiring claim should be dismissed since "Halliburton has admitted *respondeat superior* liability for the actions of Defendant Wifa." Doc. no. 73, ECF p. 14. However, she opposes entry of summary judgment with respect to her negligent entrustment claim and her request for punitive damages. *Id*.; *see also*, doc. no. 74 (sealed exhibits). Upon review of all the parties' submissions as to the Rule 56(a) motion,[2] the court makes its determination.

*Standard of Review*

Under Rule 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Rule 56(a), Fed. R. Civ. P. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id*

If the moving party does not have the ultimate burden of persuasion at trial, that party "has both the initial burden of production . . . and the burden of establishing that summary judgment is appropriate as a matter of law." Pelt v. Utah, 539 F.3d 1271, 1280 (10th Cir. 2008). The moving party can satisfy its initial burden of production "either by producing affirmative evidence negating an essential element of the non-moving party's claim, or by showing that the nonmoving party does not have enough evidence to carry [her] burden of persuasion at trial." *Id*. (quotation omitted). Once the moving party meets its initial burden, "the burden shifts to the

---

[2] Wifa and Halliburton's submissions also include a supplement to their motion and a reply to Stanley's response. Doc. nos. 66 and 77. Stanley's submissions include a supplement to her response to Wifa and Halliburton's motion. Doc. no. 79.

nonmoving party to demonstrate a genuine issue for trial on a material matter." Concrete Works of Colo., Inc. v. City & Cty. of Denver, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).  The nonmoving party may not rest solely on allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324.  These facts must be supported by "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  Rule 56(c)(1)(A), Fed. R. Civ. P.

In adjudicating a Rule 56(a) motion, the court is required to view the evidence and draw reasonable inferences in the light most favorable to the nonmoving party. Teets v. Great-West Life & Annuity Insurance Company, 921 F.3d 1200, 1211 (10th Cir. 2019).

Because this is a diversity action, the court applies the substantive law of the forum state, Oklahoma.  Ahrens v. Ford Motor Co., 340 F.3d 1142, 1145 (10th Cir. 2003).

*Negligent Hiring*

Stanley's operative pleading alleges that Halliburton is liable because it "negligently hired" Wifa.  Doc. no. 1-2, ¶ 9.  Defendants assert the negligent hiring claim is not viable under Oklahoma law because Halliburton has admitted to *respondeat superior* liability for the actions of Wifa, its employee.  As previously stated, Stanley, in response, concedes her negligent hiring claim should be dismissed in light of Halliburton's admission.  Based upon Halliburton's admission, Stanley's

3

concession, and previous rulings in this district,[3] the court concludes that summary judgment is appropriate on Stanley's negligent hiring claim against Halliburton.

*Negligent Entrustment*

Stanley's operative pleading also alleges that Halliburton is liable because it "negligently entrusted" Wifa with its tractor-trailer. Doc. no. 1-2, ¶ 10. Liability for negligent entrustment of a motor vehicle may be imposed only when the following elements are shown: (1) a person who owns or has possession and control of a motor vehicle allowed another driver to operate the motor vehicle; (2) the person knew or reasonably should have known that the other driver was careless, reckless and incompetent; and (3) an injury was caused by the careless and reckless driving of the motor vehicle. Green v. Harris, 70 P.3d 866, 871 (Okla. 2003); *see also*, Sheffer v. Carolina Forge Co, LLC, 306 P.3d 544, 548 (Okla. 2013) ("Negligent entrustment of an automobile occurs when the automobile is supplied, directly or through a third person, for the use of another whom the supplier knows, or shown know, because of youth, inexperience, or otherwise, is likely to use it in a manner involving unreasonable risk of bodily harm to others, with liability for the harm caused thereby.") (citing Green, 70 P.3d at 868 n. 5); Fox v. Mize, 428 P.3d 314, 320 (Okla. 2018) ("Negligent entrustment requires proof that 'an individual supplies a chattel for the use of another whom the supplier knows or should know is likely to use the chattel in a way dangerous and likely to cause harm to others.'") (quoting Pierce v. Okla. Prop. & Cas. Ins. Co., 901 P.2d 819, 823 (Okla. 1995)).

Defendants contend that Stanley's negligent entrustment claim fails as a matter of law because the evidence establishes that Wifa was competent and qualified to drive a commercial motor vehicle. Defendants assert that at the time of

---

[3] *See*, *e.g.*, St. Clair v. Edwards, No. CIV-19-0981-PRW, 2021 WL 1131711, at *3 n. 24 (W.D. Okla. 2021) (citing district court cases) and St. Clair, 2021 WL 1131711, at *4 (granting partial summary judgment as to plaintiff's claims for negligent hiring, supervision and retention).

4

the collision, Wifa was an experienced driver with a valid and current commercial driver's license.  As a commercial vehicle driver, Wifa had been involved in only one accident which occurred in 2016, prior to his employment with Halliburton.  Although Wifa was cited by police for that accident, defendants point out that it was a single-vehicle accident resulting in no injury to anyone.  They also point out that Wifa passed a qualification road test prior to his hiring by Halliburton, and during his employment, he received extensive training from the company.  In addition, they point out that he had been medically cleared to drive the tractor-trailer, he was not fatigued or tired at the time of the collision, he tested negative for alcohol and drugs after the collision, and he never traveled in excess of 67 mph while on multiple highways in traveling to his destination.  They further point out that Wifa was not cited by the police with respect to the collision involving Stanley.

   Stanley counters that Wifa was not a qualified, competent, or safe driver, and Halliburton knew or should have known that he posed an unreasonable risk of bodily harm to others, including her, when it entrusted the tractor-trailer to Wifa.  Stanley proffers evidence that Wifa was employed by Halliburton during two separate periods, 2011-2016, and 2017-2019.  Prior to his initial hiring, Wifa had been cited for speeding and for failure to yield resulting in an accident in 2007.  During his initial employment period, Wifa was cited for failure to control speed, which resulted in an accident in 2014.  After Wifa left Halliburton in 2016, he was employed by Franklin Drilling.  During that employment, Wifa was cited for "unsafe speed" while traveling on a state highway.  Doc. no. 74-7.  The unsafe speed resulted in "lost control" and "derail[ing] off road."  *Id*.  At the time of the incident, Wifa was driving a commercial hydraulic box truck.  Although he passed his road test when rehired by Halliburton in early 2017, the examiner remarked on some deficiencies during testing and recommended that Stanley have a mentor until reacclimated.  Later that year, in July 2017, Stanley was cited for speeding at 80 miles per hour in a 70 mile

per hour zone. In May of 2018, fifteen months before the collision, Wifa was suspended for three days for attempting to make a U-turn on a two-lane state highway which resulted in the tractor-trailer getting stuck in a ditch, causing the tractor-trailer to sit athwart the highway. The incident occurred at night. According to the company, Wifa put not only his own safety at risk, but also "the lives and safety of others." Doc. no. 74-5. Additionally, prior to the collision with Stanley, Wifa's truck logs indicated that he was "Over Speeding" two seconds before "Harsh braking." Doc. no. 73-12. Further, while Halliburton claims that Wifa received extensive training from the company, Stanley points out that the training history reveals most of that training did not relate to driving. Lastly, Stanley asserts that after the collision, Wifa remained employed by Halliburton. Wifa was subsequently terminated due to a reduction in force rather than his driving.

Defendants in reply assert that Stanley has not marshaled evidence to raise a genuine issue of material fact to overcome summary judgment. Defendants maintain that Wifa's driving record over the course of fifteen years was "relatively benign." Doc. no. 77, ECF p. 9. It emphasizes that Wifa had two traffic tickets about twelve years before the collision. Over the next ten years, he had three tickets total, only one while driving a commercial motor vehicle. Last, Defendants maintain that Wifa got stuck while attempting a U-turn on a rural state highway and was counseled not to repeat it. According to defendants, Wifa's driving record "proves Wifa is an average driver at worst." *Id*. None of the record evidence, defendants contend, raises the kind of red flags which would support a negligent entrustment claim.

Viewing the evidence and drawing reasonable inferences in Stanley's favor, as required, and mindful that "[t]he question of negligent entrustment is one of fact for the jury," *see*, Green, 70 P.3d at 868-69, the court concludes that summary judgment is not appropriate. Stanley has presented evidence sufficient to raise a

genuine issue of material fact on the merits of her negligent entrustment claim. The negligent entrustment claim against Halliburton remains for resolution by the jury.

*Punitive Damages*

Along with actual damages, Stanley requests punitive damages for her negligence claim against Wifa and Halliburton and on her negligent entrustment claim against Halliburton. Defendants seek summary judgment as to punitive damages, arguing that there is insufficient evidence to support any award of punitive damages.

For punitive damages to be allowed under Oklahoma law, "there must be evidence, at a minimum, of reckless disregard toward another's rights from which malice and evil intent may be inferred." Badillo v. Mid Century Ins. Co., 121 P.3d 1080, 1106 (Okla. 2005) (emphasis omitted). A defendant acts in reckless disregard of another's rights if the defendant "'was either aware, or did not care, that there was a substantial and unnecessary risk that [his] conduct would cause serious injury to others.'" Therrien v. Target Corp., 617 F.3d 1242, 1259 (10th Cir. 2010) (quoting OUJI-Civ. No. 5.6). Further, the conduct "'must have been unreasonable under the circumstances, and also there must have been a high probability that the conduct would cause serious harm to another person.'" *Id*. "Oppressive intent may [] be inferred from 'complete indifference to consequences,' 'conscious or reckless disregard of the safety of others,' or 'gross negligence.'" Payne v. Dewitt, 995 P.2d 1088, 1093 n. 17 (Okla. 1999) (quoting Graham v. Keuchel, 847 P.2d 342, 363 (Okla. 1993)).

While a close issue, the court, viewing the evidence and drawing reasonable inferences in Stanley's favor, as required, concludes that the record reveals evidence sufficient to enable for a reasonable jury to find defendants acted in reckless disregard, from which malice and evil intent may be inferred. In so deciding, the court is mindful of the "clear and convincing evidence" standard applicable to the

issue of punitive damage under Oklahoma law.  *See*, Badillo, 121 P.3d at 1105.  The court thus concludes that summary judgment as to Stanley's requests for punitive damages is not appropriate.  Defendants may again argue against submission of punitive damages with respect to her negligence and negligent entrustment claims (and the court anticipates that defendants will do so) at the Rule 50 stage at trial.

*Conclusion*

For the reasons stated, Defendants' Motion for Partial Summary Judgment (doc. no. 56) is **GRANTED in part** and **DENIED in part**.  Plaintiff Tiana Stanley's negligence claims against defendants Henry Neniebari Wifa and Halliburton Energy Services, Inc., and negligent entrustment claim against defendant Halliburton Energy Services, Inc. remain for trial.

DATED this 26th day of April, 2023.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-0159p020.docx